IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



GREAT AMERICAN INSURANCE COMPANY,

          Plaintiff,

v.                                    CIVIL ACTION NO. 1:10 cv 1161 cmh/IDD

ROSE MARIE BOGLEY
D/B/A PEACE & PLENTY,

      SERVE ON:
      Rose Marie Bogley
      1610 Delaplane Grade Rd.
      Upperville, Va. 20184,

          Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Great American Insurance Company ("Great American"), by counsel, and for its Complaint for Declaratory Judgment against Defendant Rose Marie Bogley d/b/a Peace & Plenty ("Bogley"), states as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 2201 and 1332(a).

2.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(a).

3.    The amount in controversy exceeds $75,000.

4. Pursuant to 28 U.S.C. § 2201, Great American is entitled to seek a declaration of its obligations under a contract of insurance it issued and from which Bogley claims an entitlement to insurance coverage rights and benefits.

## PARTIES

5. Great American is an insurance company organized and existing under the laws of the state of Ohio with its principal place of business located in Cincinnati (Hamilton County), Ohio.

6. Defendant Bogley is a citizen of the Commonwealth of Virginia residing at 1610 Delaplane Grade Road, Upperville (Fauquier County), Virginia.

## GENERAL ALLEGATIONS

### The Insurance Policy at Issue

7. Great American issued an Agripak Farm and Ranch Policy (the "Policy"), Number APK 2-40-46-00-00, to Rose Marie Bogley d/b/a Peace & Plenty for the policy period July 21, 2009 to July 21, 2010. A copy of this Policy is attached hereto as Exhibit A and is incorporated by reference.

8. The Policy is a named peril policy which provides coverage only for causes of loss specifically listed in policy section B entitled "Farm Property – Cause of Loss Form – Broad." The language of the Policy is clear and unambiguous regarding a loss caused by the weight of ice, snow, or sleet. In relevant part, Section B of the Policy states that:

> v. *Weight of Ice, Snow of Sleet causing damage to a building or any property inside a building.*
>
> *But under this cause of loss we will not pay for loss by pressure or weight of water in any form, whether driven by wind or not, to any:*
>
> *(1) Foundation or Retaining wall.*

2

9. Further, the Policy contains a number of exclusions for which there is no policy coverage. These exclusions are listed in Section C entitled "Exclusions." The exclusion section of the Policy acts to exclude coverage for losses caused by either earth movement due to the action of subsurface water or underground water itself pressing on a foundation or wall. In relevant part, Section C of the Policy states that:

*"We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.*

*2. Earth Movement*

*d. Earth sinking, rising shifting including soil conditions that cause settling or cracking or other disarrangement of foundation or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and action of water under the ground service.*

*9. Water*

*d. Water under the ground surface pressing on, or flowing or seeping through:*

*(1) Foundations, walls, floors or paved surfaces.*

10. The Policy contains no coverage for losses to Farm Personal Property. For additional premiums, Bogley could have elected to purchase coverage for her Farm Personal Property. Such coverage was available as either Scheduled Farm Personal Property [Coverage E] or unscheduled Farm Personal Property [Coverage F]. However, as reflected in the Farm Property Coverage Declaration Page, Bogley did not purchase either type of coverage for Farm Personal Property, and she is not entitled to any coverage for Farm Personal Property.

## Loss and Claim for Coverage

11. On or about March 13, 2010, a foundation retaining wall attached to a building, on the Bogley property to which the Policy applies, collapsed.

12. The retaining wall collapsed due to the pressure of the earth and groundwater that was retained by the wall. The wall was constructed without reinforcement and did not have proper drainage or seepage. Heavy snowfall had fallen in Virginia in February, 2010. The snowmelt turned into groundwater. The groundwater applied pressure to the wall and caused it to collapse. The cause of the collapse was determined by Kiet T. Nguyen, P.E. A copy of his report concerning the cause of the collapsed is attached hereto as Exhibit B and is incorporated by reference.

13. By information and belief, in addition to the damage to the retaining wall and attached building caused by the collapse, it also caused losses to several pieces of personal property comprised of a John Deere tractor, farm loader, rotary cutter, and spear.

14. By letter dated April 22, 2010, Bogley, by counsel, sought coverage under the Policy for the damages to the retaining wall and attached barn and silo building and to her farm personal property totaling $220,621.82. See Letter from Mildred Fletcher Slater, Esq. to Tom Miller dated April 22, 2010, attached hereto as Exhibit C.

## CLAIM FOR RELIEF

15. No insurance coverage is provided to, available to, or otherwise exists for the damage to the retaining wall and attached barn and silo building by operation of Section B "Farm Property – Cause of Loss Form – Broad" of the Policy because the collapse was caused by pressure or weight of water to a foundation or retaining wall.

4

16. On independent grounds, no insurance coverage is provided to, available to, or otherwise exists for the damage to the retaining wall and attached barn and silo building by operation of Section C "Exclusions" of the Policy because the collapse was caused by the action of water underground.

17. On independent grounds, no insurance coverage is provided to, available to, or otherwise exists for the damage to the retaining wall and attached barn and silo building by operation of Section C "Exclusions" of the Policy because the collapse was caused by water under the ground surface pressing on, or flowing or seeping through a foundation and through a wall.

18. No insurance coverage is provided to, available to, or otherwise exists for the damage to the Farm Personal Property because, based on Bogley's coverage elections, the Policy contains no coverage of any type for loss to Farm Personal Property.

WHEREFORE, Plaintiff Great American Insurance Company respectfully prays that this Court Order the following relief:

(a) That the Court determine and adjudicate the rights and liabilities of the parities under the Policy;

(b) That the Court declare that Plaintiff Great American Insurance Company has no duty or obligation under the Policy to provide coverage to the losses sustained to the retaining wall and attached barn and silo building by Defendant Rose Marie Bogley d/b/a Peace & Plenty on or about March 13, 2010;

(c) That the Court declare that Plaintiff Great American Insurance Company has no duty or obligation under the Policy to provide coverage to the losses sustained to Farm Personal Property by Defendant Rose Marie Bogley d/b/a Peace & Plenty on or about March 13, 2010;

  (d) That Plaintiff Great American Insurance Company be awarded such other, further, or alternative relief that this Court deems just, equitable, proper, and appropriate.

                **GREAT AMERICAN INSURANCE COMPANY**

                By: _/s/ Matthew D. Green_____
                      Counsel

Matthew D. Green
Virginia State Bar No. 46913
Attorneys for McGuireWoods LLP
Morris & Morris, P.C.
Post Office Box 30
Richmond, Virginia  23218-0030
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
mgreen@morrismorris.com