IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

GREAT AMERICAN INSURANCE CO., )
)
    Plaintiff, )
)
v. )  Civil Action No.01:10-cv-1161
)
ROSE MARIE BOGLEY (d/b/a )
    PEACE & PLENTY), )
)
    Defendant. )

MEMORANDUM OPINION

    Plaintiff Great American Insurance Company brings this action seeking declaratory judgment regarding its coverage obligations under an insurance policy for a wall collapse on Defendant Rose Marie Bogley's property in Upperville, Virginia. Plaintiff now moves for summary judgment. Because two separate policy provisions expressly exclude coverage for this incident, summary judgment should be granted for Plaintiff.

    On or about March 13, 2010, a wall attached to a farm building owned by Defendant collapsed. As of March 13, 2010, when Defendant discovered the wall collapse, this building was covered under an Agripak Farm and Ranch Policy, Number APK 2-40-46-00-00 ("Policy"), issued by Plaintiff. Defendant made a claim for the loss through Plaintiff's local agent who had sold her the policy.

Shortly after the incident, Plaintiff assigned an engineer, Kiet Nguyen, to determine the cause of the collapse. In his report, Nguyen opined that the wall, which he referred to as a foundation retaining wall, collapsed because lateral earth and hydrostatic pressure caused the wall to tilt and fall. Based on his inspection of the exposed wall nine days after the collapse, Nguyen opined that the construction of the foundation retaining wall was without reinforcement and did not properly allow for drainage and seepage. He further opined that the lack of drainage provisions permitted water to retain behind the wall over a long period of time and press against the unstable foundation retaining wall.

Defendant then retained Timothy Painter to determine the cause of the collapse. Painter made several visits to the site, the earliest of which occurring in September of 2010. Painter opined that the wall, which he referred to as a foundation wall, collapsed due to the weight of snow and ice on the ground. This, combined with the freezing and thawing of that snow and ice, created a lateral load on the wall and caused it to collapse.

Plaintiff now moves for summary judgment, arguing that there is no coverage under the Policy for a collapse of the wall because of the causes identified by both Plaintiff's and Defendant's experts.

2

This Court will grant summary judgment when there is no "genuine issue" as to any "material fact" in the case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court does not weigh the evidence, but rather "determine[s] whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In so doing, the Court views the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial "when the record taken a as a whole could not lead a rational trier of fact to find for the non-moving party." Id. at 587.

Under this Court's diversity jurisdiction, the forum state's choice-of-law rules apply. Klaxon Co. v. Stentnor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Under Virginia law, an insurance contract is governed by the law of the place of delivery. Buchanan v. Doe, 246 Va. 57, 70, 431 S.E.2d 289, 291 (1993). Because Plaintiff delivered the insurance contract to Defendant in Virginia, Virginia law applies.

In Virginia, courts interpret an insurance policy as it would any other contract, "by determining the parties' intent from the words . . . used." Va. Farm Bureau Mut. Ins. Co. v. Williams, 278 Va. 75, 80, 677 S.E.2d 299, 302 (2009). A court construes an insurance policy's terms and conditions from the

3

four corners of the document itself. S. Ins. Co. of Va. v. Williams, 263 Va. 565, 570, 561 S.E.2d 730, 733 (2002). If language in the policy "can be understood to have more than one meaning," it is construed "in favor of coverage and against the insurer." Va. Farm Bureau Mut. Ins. Co., 278 Va. at 81, 677 S.E.2d at 302.

Specifically, exclusionary language in an insurance policy is construed against the insurer. Johnson v. Ins. Co. of N. Am., 232 Va. 340, 345, 350 S.E.2d 616, 619 (1996). The insurer has the burden to prove that an exclusion applies. Id. Any ambiguity in an insurance contract is resolved against the insurer; however, where the parties' intentions can be determined from the clear words they use in their contract, the Court will enforce the provisions as drafted. Floyd v. N. Neck Ins. Co., 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993).

The Policy contains a list of "Covered Causes of Loss" that enumerate the conditions that trigger coverage. The language of the policy is clear regarding a loss caused by the weight of ice, snow, or sleet. Section B of the Policy, "Farm Property-Causes of Loss Form-Broad" states that covered causes of loss include weight of ice, snow, or sleet causing to a building or any property inside a building. That same provision, however, states "under this cause of loss we will not pay for loss by

pressure or weight of water in any form, whether driven, by wind or not, to any: (1) foundation or retaining wall."

Defendant contends that the collapsed wall is not a "foundation or retaining wall" under the Policy, arguing that it is a "foundation wall" and therefore the pertinent Section B exclusion does not apply. Semantics aside, Defendant's own expert testified that the wall supports the farm building and retains a constant live load of soil measuring forty-five pounds per square foot. It is both a foundation and a retaining wall, so this exclusion applies.

Defendant also asserts that the cause of the collapse to the foundation wall (or foundation retaining wall) was the weight of snow and ice. This provision specifically excludes coverage for such incidents.

Even if the Policy covered the collapse of the wall caused by the weight of snow and ice, both experts opined that earth movement caused the wall to collapse. Section C of the Policy provides that

> [Great American Insurance Company] will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
> ***
> 2.   Earth Movement
> ***

5

      d.    Earth sinking, rising, shifting including conditions that cause settling or cracking or other disarrangement of foundation or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and action of water under the ground surface.

This exclusion applies whether the Earth Movement . . . is caused by human or animal forces or any act of nature.

There is no coverage for the collapse of the wall in this matter based on Nguyen's and Painter's determinations that the wall collapsed because of the lateral, below ground pressure of soil. The exclusion in the policy specifically excludes coverage for earth movement pressing on a foundation or wall. This is precisely the cause of the collapse Nguyen and Painter identified. Because the language of the Policy makes this exclusion operable even if there were other causes contributing to the wall's collapse, it is immaterial if something else, i.e., the weight of ice and snow, also contributed to the wall's collapse. See Lower Chesapeake Associates v. Valley Forge Ins. Co., 260 Va. 77, 87, 532 S.E.2d 325, 331 (2000). Painter's opinions regarding the role of the weight of ice and snow in causing the collapse could only trigger coverage if he opined that they were the only cause of the collapse. But Painter specifically opined that the wall collapsed because of lateral,

6

below grade pressure of earth on the wall, a cause that is specifically excluded under Section C of the Policy.

The Policy does not cover the collapse of the wall on Defendant's property, and summary judgment should be granted to the Plaintiff on its Complaint and on Defendant's Counterclaim.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 27, 2011